# Charleston.

ADDISON DUNLAP, SURVIVING PARTNER, &C., vs. JAMES A.
CAMPBELL.

### January Term, 1872.

1. Arbitrators have no powers except those delegated to them in the submission. Their award must, therefore, be limited to such matters as are submitted to them. If they exceed the limit of the submission, they act without authority; and in the assumption of powers not delegated, vitiate the award. The award must be consonant to the submission; certain; of things possible to be performed; not contrary to law or reason, and final.

2. The case under consideration shows a submission under a rule of court in an action of assumpsit, of "the matters in dispute in this cause." The "matters in dispute" on the part of the plaintiff, were the specified items in the bill of particulars filed with his declaration. The facts proved show that the arbitrators went out of the submission and took into consideration certain matters not in dispute, and awarded a greater sum to the plaintiff than he claimed. Therefore, it was either a mistake or a misbehavior on the part of the arbitrators, and in either event it is fatal to the award.

The material facts in this case are stated in the opinion of Moore, J.

*Price & Sperry* for the plaintiff in error.

MOORE, J.   James A. Campbell instituted in the circuit ·court of Monroe county, on the 20th day of October, 1868, an action of trespass on the case in assumpsit, against Addison Dunlap, surviving partner of himself and Thomas S. Campbell and Isaac H. Campbell, deceased, late partners in business under the firm and style of Thomas S. Campbell & Co. The declaration was that usual in *indebitatus assumpsit;* the sum assumed in each count five hundred and twenty-six dollars and thirty cents; the damages eight hundred dollars, which corresponded with the writ.   The plaintiff, as required

by statute, filed with his declaration an account stating distinctly the several items of his claim, aggregating five hundred and twenty-six dollars and thirty cents. The writ was duly served on the defendant, and he not appearing, judgment was entered against him by default and a writ of enquiry awarded. The record shows the following entry made in the cause May 21st, 1869: "This day came the parties by their attorneys, and by consent of the parties the matters in dispute in this cause are referred to the arbitrament and award of Robert Pearis, Lewis A. Shanklin and Allen S. Harvey, whose award, or a majority of them, is to be received, taken and entered up as the judgment of the court." The office judgment and writ of enquiry were not set aside; no plea was filed to the declaration, and consequently no issue joined. An award was made and returned in the following words, addressed to the judge of said court:

"In obedience to an order of your court, we, the undersigned, appointed by your honor to arbitrate upon the matters in difference or dispute between James A. Campbell and Addison Dunlap, surviving partners of Thomas S. Campbell & Co., and John Bragg, (in the absence of Allen L. Harvey,) chosen by the plaintiff and defendant; and the arbitrators, after being sworn, have examined the books, accounts, and witnesses of the parties, and find an award in favor of James A. Campbell, plaintiff, of five hundred and fifty-two dollars and twelve cents, and costs, twelve dollars and seventy-one cents, of this day.

"Given under our hands this 25th day of June, 1869.

    [Signed]               "ROBERT A. PEARIS,
                           "LEWIS A. SHANKLIN,
                           "JOHN BRAGG.

"Error in calculation of above award of two dollars and eighteen cents.

    [Signed]               "R. A. PEARIS,
                           "LEWIS A. SHANKLIN,
    "July 31, 1869.             JOHN BRAGG."

The award being returned, the court, on the 25th day of September, 1869, ordered the parties to be summoned to appear on the first day of the next term, to show cause, if any they could, why said award should not be entered up, as the

judgment of the court. A copy of said order was served on Dunlap and Campbell, November 11th, 1869.

On the 15th day of November, 1869, the parties appeared, by their attorneys, the plaintiff having offered the award, proved the signatures thereto to be those of the arbitrators, and asked that judgment on the award be accordingly entered. Thereupon the defendant, to show cause why the award should not be entered as the judgment of the court, introduced and proved a statement of an account, dated July 31st, 1869, signed by the said Pearis, Shanklin and Bragg, and by them delivered to said defendant, showing, as stated by them at the foot of said account, the calculation by which they arrived at an award.

Defendant also filed his affidavit showing, among other things, that the arbitrators did not confine themselves to the matters in dispute in said cause, but went beyond the submission and allowed one hundred and twenty-five dollars for two hundred and fifty bushels of corn, not so in dispute, which operated surprise and injustice to defendant; that compensation was allowed for two hundred and fifty-seven bushels of corn, when one hundred and ninety-six bushels thereof had been paid for to plaintiff's father, an entry whereof appears on the books of T. S. Campbell & Co., which fact was overlooked in consequence of being posted in the wrong book, and was discovered too late to be available; that the whole account accrued after the dissolution of the partnership, except the first item of thirty bushels of wheat, and that a portion of the hogs, to which it is alleged the two hundred and fifty-seven bushels of corn were fed, were Isaac Campbell's and he was the tenant of the land on which the corn was raised.

The court admitted the defendant's evidence, refused to set aside the award, but entered it as the judgment, and thereupon the defendant appealed to this court.

Arbitrators have no powers except those delegated to them in the submission. Their award must therefore be limited to such matters as are submitted to them. If they exceed the limit of the submission, they act without authority, and in the assumption of powers not delegated, vitiate the award. Courts of law, and of equity, both in England and America, although treating with great leniency these domestic tribu-

nals, have, nevertheless, watched them with critical yet judicious eye for the protection of the legal and equitable rights of the parties who confided in them, and consequently established those cardinal principles requisite to the validity of the award, viz: That it be consonant to the submission; certain; of things possible to be performed; not contrary to law or reason, and final. Our statute Code, p. 569, ch. 108, § 4, declares that the award shall not be set aside "except for errors apparent on its face, unless it appears to have been procured by corruption, *mistake*, or other undue means, or that there was partiality or misbehavior in the arbitrators, or any of them." Applying the rules thus prescribed to the case now under consideration, it seems to me the court erred in not setting aside the award. The submission was specifically "the matters in dispute in this cause." The only matters in dispute, on the part of the plaintiff at least, were the specified items of his claim filed with the declaration. The arbitrators were limited, so far as the plaintiff was concerned, to those items; but the facts proven, as indicated by the bill of exceptions, show that the arbitrators went out of their submission, and took into consideration and allowed to the plaintiff one hundred and twenty-five dollars for two hundred and fifty bushels of corn, which was not in dispute. Either this was a mistake or misbehavior on the part of the arbitrators, and in either event fatal to the award.

The judgment should therefore be reversed, with costs, the award set aside and the case remanded.

The other judges concurred.

JUDGMENT REVERSED.